JOHN H. RIKER, AS EXECUTOR, ETC., OF MARGARET BURR, DECEASED, AND AS EXECUTOR, ETC., OF MARY BURR, DECEASED, RESPONDENTS, *v.* ST. LUKE'S HOSPITAL, APPELLANT, IMPLEADED WITH OTHERS, RESPONDENTS.

*Will — lapsed legacies — when the residuary legatees are authorized to carry out the testator's intentions.*

Among other bequests contained in the will of the plaintiffs' testatrix was one to St. Luke's Hospital, a charitable corporation, which bequest was held to be invalid, under section 6 of chapter 319 of 1848, by reason of the testatrix's death within less than two months from the execution of the will. The residuary clause of the will was as follows:

"*Sixth.* All the rest, residue and remainder of my estate, real and personal, I devise and bequeath to the American Bible Society aforesaid, to the New York Hospital Society, *to St. Luke's Hospital,* to the Board of Missions of the Episcopal Church for foreign missions, and to the Board of the same church for domestic missions, to be divided amongst them according to the amounts of their respective particular legacies above given, but with a power as to each of these residuary legatees to bestow any legacy which may come to them through any possible invalidity or lapse to such purpose as shall seem to them to have been intended by me."

*Held,* that although no trust was created in favor of legatees whose legacies might have lapsed, and although no imperative obligation to bestow the lapsed legacies upon them was imposed upon the residuary legatees, yet the residuary legatees were by the will fully authorized and empowered to pay over the lapsed legacies to such legatees, and the existence of such authority should be asserted in the judgment entered in an action brought to procure a construction of the will.

APPEAL from a judgment recovered on a trial at the Special Term.

*Hoffman Miller* and *Wheeler H. Peckham,* for the appellant.

*John E. Parsons,* for the respondents.

DANIELS, J.:

By section 6 of chapter 319 of the Laws of 1848, as it was construed in *Stephenson* v. *Short* (92 N. Y., 433), the bequests contained in the will of Margaret Burr to St. Luke's Hospital were unlawfully made. The corporation was organized and created under this act, and as the testatrix died in less than two months after the execution of her will, it was rendered ineffectual, so far as she designed, by means of its provisions, to benefit the defendant. As to this result there seems to be no ground whatever for doubt.

The hospital was intended by the testatrix to be made the recipient of the sum of $10,000, and also to receive one-fifth of her residuary estate. But for the reason already stated, these bequests have been prevented from taking effect in its favor, by the section of the act of 1848, which has just been mentioned. It was, however, the intention of the testatrix that the legatees named in the residuary clause of the will, should be invested with power to bestow such legacies as might go to them, by any possible invalidity or lapse, to the legatees which she intended by her will should receive them. This clause of the will provided that:

*Sixth.* All the rest, residue and remainder of my estate, real and personal, I devise and bequeath to the American Bible Society aforesaid, to the New York Hospital Society, to St. Luke's Hospital, to the Board of Missions of the Episcopal Church for foreign missions, and to the Board of the same church for domestic missions, to be divided amongst them according to the amounts of their respective particular legacies above given, but with a power as to each of these residuary legatees to bestow any legacy which may

come to them through any possible invalidity or lapse, to such purpose as shall seem to them to have been intended by me.

And while it may not be imperatively obligatory upon the legatees named in it, and authorized to participate in her residuary estate under it, it contained a clear indication of her desire that they should still bestow the invalid or lapsed legacy, as she herself intended it should take effect. And that desire may be complied with and lawfully carried into effect by the other residuary legatees. In consequence of the inability of the appealing defendant to take the legacy of $10,000 intended to be given to it, the residuary estate will be increased by that sum of money. The increase will arise solely out of the invalidity of the direction contained for the payment of this sum of money to St. Luke's Hospital, and in that event it was the hope and expectation of the testatrix that the other beneficiaries under this final direction would not themselves take or appropriate the invalid legacy for their own ultimate use and benefit, but that after receiving the amount, they would bestow or pay it over to the institution she designed to receive this part of her bounty. Under this clause in the will they have the undoubted authority to carry into effect the express wish and desire of the testatrix. But as no trust has been or could be created for this purpose, and no imperative power was inserted in this clause of the will, whether the other residuary legatees shall pay over this sum of money to St. Luke's Hospital must depend wholly and entirely on their own volition and proper sense of justice as it may be affected by the circumstances.

The judgment from which the appeal has been taken should be modified to the extent of affirming the existence of this authority in the other residuary legatees, and as so modified it should be affirmed, with the costs of the parties to be paid out of the residuary estate.

DAVIS, P. J.:

The testatrix, Mrs. Burr, seems to have anticipated that her special bequest to St. Luke's Hospital might be defeated by the accident of her death before the lapse of the period of time at the end of which it should become valid, notwithstanding the prohibition of the act of 1848. But her intention and desire to give the sum of $10,000 to that institution are equally as apparent as though

the legacy were valid. In her anxiety that the hospital should realize that fund, she threw herself in the contingency of its failure by her death upon the consciences of the other charities which she made her residuary legatees. While bestowing upon them handsome special legacies, she gave them her residuary estate in the proportions named in the residuary clause, well knowing that if by her decease her special legacies should fail, they too would become part of her residuary estate. Advised, as she doubtlessly was, that she could not charge the failing legacies with a trust in favor of the beneficiaries named, she was forced to content herself with a strong expression of her wish that the residuary legatees would respect her wishes by giving the benefit of the special legacy defeated by her death to the charity for which it was intended. This created no legal obligation but a very solemn, moral one, made all the more impressive by the fact that the takers of the residuary estate are also large objects of her special bounty. It has been often said that " corporations have no souls," but these residuary legatees are religious and charitable corporations and must be assumed to know and recognize the nature and force of moral duties and obligations. The testatrix has given, so to speak, to their voluntary free will the power to carry out her wishes legally defeated by an accident. It remains to be seen whether they will vindicate their title to their names as religious and charitable bodies, by recognizing the wishes of their benefactress toward another most worthy charity, or justify the cynical assertion of the apothegm above quoted. The court can only leave this to their own sense of right and justice.

I concur that the judgment must be affirmed.

Present — Davis, P. J., and Daniels, J.

Judgment modified as directed in opinion, and affirmed as modified, with costs of all parties out of the residuary estate.